UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KALOA I. HEARNE, | Case No. 15-12113 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| MANPOWER OF INDIANA, L.P., *et al,* | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DEFENDANTS' MOTION TO DISMISS, OR FOR
A MORE DEFINITE STATEMENT (Dkt. 5)**

**I.     PROCEDURAL HISTORY**

Plaintiff, Kaloa I. Hearne, filed this lawsuit on June 10, 2015. (Dkt. 1).  This matter was referred to the undersigned for all pretrial matters on August 3, 2015. (Dkt. 9).  On July 28, 2015, defendants filed a motion to dismiss the complaint, or for a more definite statement. (Dkt. 5).  On August 17, 2015, plaintiff filed a response to the motion to dismiss. (Dkt. 10).  On August 26, 2015, defendants filed a reply to plaintiff's response to their motion. (Dkt. 11).

For the reasons set forth below, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and plaintiff's complaint be **DISMISSED** without prejudice.

1

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Complaint

Plaintiff alleges that she was fired from her job with defendant Manpower while she was engaged in her duties as an officer of the United States Army Reserves. (Dkt.1, PgID 43). Plaintiff also alleges that her supervisor from defendant UTI World Wide improperly displayed a noose, and that plaintiff reported the improper conduct to another World Wide supervisor. (Dkt. 1, PgID 42). Plaintiff further alleges that defendants did not aid her in obtaining suitable employment and did not resolve the "issue(s) regarding the noose." (Dkt. 1, PgID 43).

Plaintiff asserts the defendants' "retaliatory" conduct amounted to wrongful discharge predicated on gender and racial discrimination in violation of 38 U.S.C. §4301, 42 U.S.C. §2000e and the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the U.S. Constitution. (Dkt.1, PgID 2-43).  Plaintiff alleges damages in various amounts: actual damages for constitutional violations in the amount of $1,500,500.00; punitive damages for constitutional violations in the amount of $3,700,500.00; lost income in the form of back pay in the amount of $64,500.00; "lost income in the form of backpay of punitive damages of $370,500.00;" "lost income in the form of Frontpay of punitive damages of $640,500.00;" and "lost income in the form of Frontpay of punitive damages of

2

$750,500.00." (Dkt.1, PgID 12-16).

    B.    <u>Motion to Dismiss</u>

Defendants argue that plaintiff's complaint wholly failed to satisfy the requirements of Rule 8, because it is devoid of any specific factual allegations and contains no specific counts or causes of action. Defendants contend that, because the complaint consists entirely of broad statements, general legal principles and conclusory assertions that the defendants violated plaintiff's rights, its allegations and claims are impossible to identify or defend against, and the complaint should be dismissed for this reason alone. According to defendants, plaintiff has failed to provide a short and plain statement of any plausible claim for legal relief in her complaint and has failed to support with specific facts any claims, and thus the complaint should be dismissed, or, in the alternative, plaintiff should be ordered to file a more definite statement pursuant to Fed.R.Civ.P. 12(e).

    C.    <u>Plaintiff's Response</u>

In response, plaintiff asserts that her complaint was properly filed and that defendants' motion lacks specifics, is without substance and should be denied in its entirety. (Dkt. 10, PgID 70). Plaintiff further argues that defendants' motion should be denied because the defendants

> are currently in joint collaboration, chose to invoke false charges and fabricate fraudulent allegations, against the person of Katoa I. Hearne et seq, and the Petitioner (Kaloa I. Hearne) et seq, after Manpower et seq/al, UTI et seq/al, the Michigan Unemployment Insurance Agency

3

> (MUIA§§ UIA) et seq/al, and the State Of Michigan (SOM) et seq/al, acquired knowledge of the efforts of the person of Kaloa I. Hearne et seq, and the Petitioner (Kaloa I. Hearne) et seq, to pursue remedies and relief as can be afforded by the Federal Title VII (42 USC§§ 2000e § 2000e-2 § 2000e-3) et seq, and the Michigan Elliott-Larsen Civil Rights Act (MELCRA §§ ELCRA)§§ MCL 37.2101 et seq.

(*Id.*) Plaintiff reiterates her allegation that defendants fired her while she was performing duties and obligations as an officer for the United States Army Reserves. Finally, plaintiff argues that defendants retaliated against her for filing an EEOC complaint by fabricating allegations of criminal activity. (Dkt. 10, PgID 72).

    D.    <u>Defendants' Reply</u>

Defendants argue that plaintiff's brief, like her complaint, relies on "pseudo-legalese" rather than describing facts and allegations which would give defendants a basis to defend against her claims. (Dkt. 11, PgID 77). Further, according to defendants, the plaintiff's brief does not add information sufficient to provide them with "fair notice" as required by *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). (*Id.*) Defendants argue that "fair notice" requires not only that the nature of the claim but "also the grounds upon which the claims rests" be described in the complaint. *Twombly*, supra at 1964. (*Id.*) Defendants contend that neither labels, conclusions, and/or a formulaic presentation of the elements of the cause of action will do,

4

citing *Iqbal*, supra at 1949. (*Id.*). In sum, defendants argue that neither plaintiff's response to their motion or her complaint make any factual allegations or assertions which would sufficiently notify the defendants of a plausible claim or cause of action. (Dkt. 11, PgID 77-78). Accordingly, defendants urge it would be manifestly improper to compel them to defend an action based upon such incomplete and incomprehensible information. (Dkt. 11, PgID 78).

### III. ANALYSIS AND CONCLUSION

#### A. Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Rule 8(a)(2), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007), quoting, *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A plaintiff is also obliged "to provide the grounds of his [or her] entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007), quoting *Twombly*, 127 S. Ct. at 1964-65 (citations and quotation marks omitted).

The Supreme Court recently raised the bar for pleading requirements

beyond the old "no-set-of-facts" standard of *Conley v. Gibson*, 355 U.S. 41, 78 (1957), that had prevailed for the last few decades. *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 2009 WL 2497928, *2 (6th Cir. 2009), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009); *see also Twombly*, 550 U.S. at 555. In *Iqbal*, the Supreme Court explained that a civil complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949. The Sixth Circuit observed that this new standard is designed to screen out cases that, while not utterly impossible, are "implausible." *Courie*, at *2. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. And although the Court must accept all well-pleaded factual allegations in the complaint as true, it need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal*, 129 S. Ct. at 1949.

Where a plaintiff is proceeding without the assistance of counsel, the court is still required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See e.g. Simmons v. Caruso*, 2009 WL 2922046 (E.D. Mich. 2009), citing *Haines v. Kerner*, 404 U.S.

519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Thus, the Court must still read plaintiffs' *pro se* complaint indulgently and accept plaintiffs' allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (The Court of Appeals improperly departed "from the liberal pleading standards set forth by Rule 8(a)(2)" and failed to "liberally construe" the *pro se* complaint at issue.).

  B. <u>Dismissal Under Rule 8</u>

The undersigned concludes that plaintiff's complaint should be dismissed because it fails to comply with Federal Rules of Civil Procedure 8. The Federal Rules of Civil Procedure require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct." Fed.R.Civ.P. 8(a), (e). Here, plaintiff's complaint violates Rule 8(a) and (e). "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information and a number of other pragmatic matters." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1217 at 240-41 (3d ed. 2004). A plaintiff properly pleads a claim for relief by "briefly describing the events" supporting the claim. *Peabody v. Griggs*, 2009 WL 3200686, *3 (D.R.I. 2009), quoting *Sanjuan v. American Bd. of Psychiatry &*

7

*Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). The statement of the claim should be short because "unnecessary length places an unjustified burden on the court and on the party who must respond to it." *Id.*, quoting *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007); *see also* Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage"). "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted to enable him to answer and prepare for trial." *Id.*, quoting *Laurence*, 2007 WL 1875794 at *1. As noted by several courts, this principle is particularly significant because a defendant is required, pursuant to Rule 8(b), to "plead one of three alternatives in response to all of the allegations in a complaint..." *Id.*, quoting *Indiana Reg'l Council of Carpenters Pension Trust Fund*, 2006 WL 3302642, *2 (N.D. Ind. 2006); *see also Calderon-Garnier v. Sanchez-Ramos*, 439 F.Supp.2d 229 (D.P.R. 2006), *aff'd*, 506 F.3d 22 (1st Cir. 2007). But the complaint here presents a "dense thicket" of "incomprehensible" assertions. *See e.g., Eisenstein v. Emsworth*, 148 Fed.Appx. 75, 77 (3d Cir. 2005) (affirming order dismissing complaint for, *inter alia*, violating Rule 8).

Further, plaintiff's complaint is characterized by what many courts have

8

described as "gibberish[.]" *See e.g. Coghlan v. Starkey*, 852 F.2d 806, 812-16 (5th Cir. 1988) (collecting cases); *Ramos v. Thornburg*, 732 F.Supp. 696, 702 (E.D. Tex. 1989); *Yocum v. Summers*, 1991 WL 171389 (N.D. Ill. 1991); *McCutcheon v. N.Y. Stock Exch.*, 1989 WL 82007 (N.D. Ill. 1989); *U.S. v. Messimer*, 598 F.Supp. 992, 993 (C.D. Cal. 1984) (describing pleadings filed by *pro se* litigant as "thirty-four pages of bizarre, repetitive and incomprehensible claims, contentions and sometimes gibberish"); *Bryant v. U Haul*, 1994 WL 67803 (E.D. Pa. 1994) ("Aside from these slight variations, each complaint consists merely of an unintelligible recitation of unconnected names and places or similar gibberish.").

The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal*. *See e.g.*, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008) ("Although *Twombly* retooled federal pleading standards ... and retired the oft-quoted *Conley* motion to dismiss no set of facts standard, *Twombly* did not supplant the basic notice-pleading standard.") (internal quotation marks omitted); *see also Hensley Mfg. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Indeed, a "plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests...." *Tamayo*, 526 F.3d at 1083 (internal quotation marks and citation omitted). *Twombly* specifically provided that "a complaint attacked by a Rule 12(b)(6) motion to

9

dismiss does not need detailed factual allegations ....." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009), quoting *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S.Ct. 1937, 1949 (2009).

Thus, in the wake of *Twombly/Iqbal*, a complaint must still comply with Rule 8(a), which prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts. *See e.g.*, *Lease v. Fishel*, 2009 WL 922486, *2 (M.D. Pa. 2009) (The "mash of allegations [in this complaint] read more like a novel than a legal pleading and frequently digress into improper argumentative detail."); *Fritz v. County of Kern*, 2009 WL 382741, *2 (E.D. Cal. 2009) (a "complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)."). The undersigned concludes that plaintiff's complaint contains nothing but repetitive, incomprehensible gibberish. "[A]ny claims that may meet the pleading requirements of Rule 8(a) as clarified by *Iqbal* and *Twombly* are simply lost in the sea of insufficiently pled or wholly unsustainable claims." *Dumas v. Hurley Med. Ctr.*, 2011 WL 1465785, *1 (E.D. Mich. 2011).

"As has been recognized by our circuit and others, despite liberal pleading

requirements for *pro se* litigants, it is not the role of the court to guess the nature of the claim(s) asserted." *Agee v. Wells Fargo Bank*, 2010 WL 1981047, *2 (E.D. Mich. 2010), citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989); *Chapman v. City of Detroit*, 808 F.2d 459 (6th Cir. 1986). In this case, as in *Agee*, "no more than guessing could take place." *Id*. Thus, despite plaintiff's *pro se* status, given the incomprehensible nature of plaintiff's complaint, the undersigned concludes that dismissal of the complaint is appropriate.[1]

## IV.     RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED** and plaintiff's complaint should be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right

---

[1] In this instance, the undersigned finds that dismissal without prejudice is more appropriate relief than an order for more definite statement under Fed.R.Civ.P. 12(e). Although plaintiff's complaint suffers from omissions of necessary basic factual allegations, which could be remedied by an order for more definite statement, it also suffers from repetitive, inscrutable prolixity, for which an order for more definite statement would provide no relief. *See* Fed.R.Civ.P. 12(e).

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 23, 2015            s/Michael Hluchaniuk
                                   Michael Hluchaniuk
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

      I certify that on November 23, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and that I have mailed by U.S. Postal Service to the following non-ECF participant: Kaloa I. Hearne, 4280 Cortland, Detroit, MI 48204.

                                                s/Tammy Hallwood
                                                Case Manager
                                                (810) 341-7887
                                                tammy_hallwood@mied.uscourts.gov